UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

J&J SPORTS PRODUCTIONS INC.,

    Plaintiff,

v.                              Case No. 09-C-1126

FRANCO JOHN ITHIER,
K & F ENTERTAINMENT LLC
*d/b/a* Southern Comfort II
*a/k/a* Southern Comfort*,*

    Defendants.

**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANCO JOHN ITHIER AND K & F ENTERTAINMENT LLC**

On December 7, 2009, plaintiff instituted this lawsuit alleging violations of Title 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) or Title 47 U.S.C. § 553(b)(2) and (c)(2)(C) against defendants Kenneth N. Mitsche and Franco John Ithier, individually and as officers, directors, shareholders, and/or principals of K & F Entertainment, LLC, doing business as Southern Comfort II and also known as Southern Comfort. Plaintiff's allegations arise from the defendants' unauthorized interception and exhibition of plaintiff's UFC program on May 2, 2009. On January 3, 2010, and January 19, 2010, defendants were served copies of the summons and complaint. Defendants Franco John Ithier and K & F Entertainment, LLC, failed to answer or otherwise respond. Plaintiff filed requests and supporting affidavits with the Clerk on April 21, 2010, asking for default to be entered in its favor and against defendants Franco John Ithier and K & F Entertainment, LLC pursuant to Fed. R. Civ. P. 55(a) and the Clerk entered default on April 22, 2010. Pursuant to Fed. R. Civ. P.

55(b), plaintiff submitted the pending motion for default judgment as well as counsel's supplemental declarations with exhibits, which are now pending before the court.

Plaintiff seeks relief under 47 U.S.C. § 605 and has provided affidavits and a memorandum of law in support of its motion. Specifically, plaintiff seeks relief under three provisions of § 605 related to damages and within the discretion of the court. Section 605(e)(3)(C)(i)(II) provides for an award of statutory damages ranging from $1000 to $10,000. Section 605(e)(3)(C)(ii) allows for enhanced damages up to $100,000 for willful violations. And, § 605(e)(3)(B)(iii) provides for costs and attorneys' fees to the prevailing party.

With regard to awarding statutory damages, it appears that two approaches have been applied under similar circumstances: an award based on the number of patrons in the establishment at the time of the unauthorized interception, or a flat sum award based on the rate the provider charged to establishments which varies by the maximum occupancy ranges. Two district court decisions - both here in the Eastern District of Wisconsin - discussed these approaches.

In *Joe Hand Promotions, Inc. v. Ewer*, 2009 WL 3269658 (E.D. Wis. Oct. 8, 2009), the court concluded that "where the number of patrons at the defendant's establishment is known, most courts award damages under § 605 damages based upon the number of patrons." 2009 WL 3269658 * 3. A charge of $55.00 per patron was estimated. This approach attempts to make the plaintiff whole by setting a specific cost per patron assuming each patron had ordered the program individually. *See also Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490

(S.D.N.Y.,1999) ("This is based on a theory of rough justice, that the patrons viewing the event without access to the unauthorized showing would have ordered it themselves.").

In *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., et al.*, 146 F.Supp.2d 955, (E.D. Wis. May 15, 2001), the court concluded that "a statutory award based on the number of patrons in the Pub would not adequately compensate Kingvision, as the fees it charged commercial customers properly ordering the service were based on the maximum fire code occupancy." 146 F.Supp.2d at 961. The court used an estimate of 150 maximum occupancy and the rate Kingvision charged its regular customers to arrive at the appropriate starting point for the damage award.

In this case, the record shows that plaintiff has contracted with a producer to distribute the UFC program at issue via closed circuit broadcast to commercial establishments (as opposed to individuals). Plaintiff then charges a set fee per establishment depending on the capacity of the establishment. Here, plaintiff does not put forward evidence identifying the capacity of defendants' establishment, but the record indicates that approximately nineteen people were present when plaintiff's program was unlawfully shown. Plaintiff does set forth evidence of the amount defendants should have paid to legally show the UFC program in the form of a rate card. Like the *Kingvision* court, this court finds that the per patron approach would not adequately compensate plaintiff in this case as it has shown that its customers properly pay for the program based on the minimum number of seats at the establishment. Because the auditor counted 19 patrons in the establishment during his visit, the court will use this number to determine the appropriate rate amount that plaintiff would have charged defendants. *See* Gagliardi Aff., Ex. C. at 2. This uses the highest number of patrons the affiant noted during the three

head counts. *See id.* Therefore, the total statutory damages in this case, applied jointly and severally to the defendants Franco John Ithier and K & F Entertainment, LLC, is $1,600.00.

With regard to enhanced damages, courts may consider, inter alia, whether defendants are repeat offenders, applied cover charges to patrons for viewing the program, or advertised the event. *See Joe Hand Promotions, Inc. v. Ewer*, 2009 WL 3269658 *3 (listing the factors that courts consider when determining whether enhanced damages are appropriate). Further, the court may consider the deterrent effect of such an award under the circumstances. *Id.*

Here, there is nothing in the record indicating that the defendants' are repeat offenders, advertised the event, or collected a cover charge. But, the unchallenged allegations in the complaint are that defendants violated the law knowingly and willfully and the record supports at least one violation. Further, plaintiff's supporting materials indicate that unauthorized reproduction of the signal for plaintiff's program involves deliberate effort. In this case, plaintiff failed to provide the court with any evidence as to the estimated capacity of the defendants' establishment. However, plaintiff did provide the court with its rate card for the event, which allowed the court to determine the cost of the plaintiff's program - $1,600.00. Therefore, the court concludes that triple this amount, $4,800.00, is appropriate and a sufficient deterrent under the circumstances. This is the total amount of enhanced damages applicable to both defendants, jointly and severally.

-4-

Case 2:09-cv-01126-CNC   Filed 06/17/10   Page 4 of 5   Document 20

Finally, the plaintiff seeks $1,069.25 in costs and attorneys fees under § 605(e)(3)(B)(iii) applied to each defendant for a total of $2,138.50. This amount is reasonable and supported by affidavit. Therefore,

IT IS ORDERED that judgment be entered in favor of the plaintiff and against defendants Franco John Ithier and K&F Entertainment, LLC, jointly and severally, in the total amount of $8,538.50.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE